UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRETT COMBS,

    Petitioner,

vs.

STATE OF NEVADA, *et al.*,

    Respondents.

2:11-cv-00528-PMP-LRL

**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Petitioner has filed a motion for leave to proceed *in forma pauperis.* (ECF No. 3.) Based on the information concerning petitioner's financial status, the court finds that the motion to proceed *in forma pauperis* should be granted. Petitioner shall not be required to pay the filing fee for his habeas corpus petition.

It appears to the court that all the grounds for relief in the petition are currently unexhausted in state court. Petitioner is advised that he must first present his grounds for relief to a state court before a federal court may review the merits of the issues he raises. To exhaust a claim, petitioner must have "fairly presented" that specific claim to the Supreme Court of Nevada. *See Picard v. Conner*, 404 U.S. 270, 275-76 (1971); *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984). After reviewing the petition in this case, it appears to the court that all of petitioner's claims may be unexhausted.

According to pages 3 and 4 of the petition, petitioner did not appeal from his conviction and he did not seek state post-conviction relief. From the face of the petition, therefore, petitioner has admitted

that his claims for relief have not yet been exhausted in state court. Therefore, the court dismisses the petition without prejudice because all of the claims it contains are unexhausted.

The court advises petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A "properly filed application" is one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001) (quoting *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000)). Time limits on post conviction petitions are "condition[s] to filing," such that an untimely petition would not be deemed "properly filed." *Pace v. DiGuglielmo,* 544 U.S. 408, 413, 125 S.Ct. 1807, 1812 (2005). With respect

1   to the filing of a federal petition for writ of habeas corpus, a *pro se* petitioner effectively files a federal
2   petition when he delivers it to prison authorities for mailing to the court. *Stillman v. Lamarque*, 319 F.3d
3   1199, 1201 (9th Cir. 2003). Because petitioner states that his conviction became final on July 24, 2010,
4   he should not delay in filing a post-conviction petition in state court.

**IT IS THEREFORE ORDERED** that petitioner's motion to proceed *in forma pauperis* (ECF No. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition (ECF No. 1) is **DISMISSED without prejudice** as wholly unexhausted.

**IT IS FURTHER ORDERED** that the Clerk is directed to enter judgment accordingly.

DATED: June 10, 2011.

_____
PHILIP M. PRO
United States District Judge