UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRETT COMBS, | ) | |
| Petitioner, | ) | 2:11-cv-00528-PMP-LRL |
| vs. | ) | **ORDER** |
| STATE OF NEVADA, *et al.*, | ) | |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. On June 10, 2011, the court issued an order granting petitioner's motion to proceed *in forma pauperis* and dismissing the petition without prejudice as wholly unexhausted. (ECF No. 9.) When the court dismissed the petition, petitioner's direct appeal to the Nevada Supreme Court was still pending, and thus, his petition filed in this court was premature. At the current juncture, however, it appears that petitioner's direct appeal has concluded. Accordingly, in the interests of justice, the court reopens this case.

Petitioner moves the court for copies of the trial transcripts from his criminal trial in case number 2:11-cr-00173-KJD-RJJ. Petitioner asserts that new evidence was presented in the federal criminal trial that is relevant to this habeas corpus proceeding. Under 28 U.S.C. § 2250:

/ / /

/ / /

/ / /

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Thus, an indigent prisoner proceeding on a habeas corpus petition is entitled to receive copies of court documents under 28 U.S.C. § 2250 at government expense. *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990). However, the matter of what, if any, copies should be provided to an indigent habeas petitioner rests within the discretion of the judge presiding in the case. *E.g., Chessman v. Teets*, 239 F.2d 205, 214 (9th Cir. 1956), *vacated on other grounds* 354 U.S. 156 (1957). An indigent prisoner seeking copies must set forth sufficient information to enable the court to determine the necessity for the copies. *See, e.g., United States v. Newsome*, 257 F.Supp. 201, 203 (N.D. Ga. 1966). Blanket requests for all copies in a case do not provide sufficient information for such an inquiry and are not within the purview of the statute. *See, e.g., id.; Cassidy v. United States*, 304 F.Supp. 864, 867 (E.D. Mo. 1969).

In this case, petitioner requests the trial transcripts from his three-day criminal trial in federal court. Petitioner merely states that the trial transcripts are "associated" with his state-court proceedings and that they provide new evidence. At this early stage of the case, without a more particularized showing from petitioner, the court declines to find that the trial transcripts are necessary to this action in order to have them produced at government expense. Petitioner may renew his request for specified portions of the trial transcript if, after reviewing respondents' response to his petition, he determines that the transcripts are necessary to resolve the claims in the petition. In doing so, petitioner should specify how the contents of the federal trial transcripts support the grounds contained in his habeas corpus petition.

/ / /

/ / /

1 **IT IS THEREFORE ORDERED** that this action is **REINSTATED.** The order dismissing
2 this case (ECF No. 9) and the judgment (ECF No. 10) are **VACATED.**

3 **IT IS FURTHER ORDERED** that petitioner's motion for trial transcripts (ECF No. 13) is
4 **DENIED without prejudice.**

5 **IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the
6 petition (ECF No. 1) upon the respondents. A petition for federal habeas corpus should include all
7 claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his
8 petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C.
9 §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he
10 should notify the court of that as soon as possible, perhaps by means of a motion to amend his
11 petition to add the claim.

12 **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry
13 of this order within which to answer, or otherwise respond to, the petition. In their answer or other
14 response, respondents shall address any claims presented by petitioner in his petition as well as any
15 claims presented by petitioner in any statement of additional claims. Respondents shall raise all
16 potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and
17 procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed,
18 respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the
19 United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have
20 **forty-five (45) days** from the date of service of the answer to file a reply.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26

1  **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney
2  General of the State of Nevada a copy of every pleading, motion, or other document he submits for
3  consideration by the court.  Petitioner shall include with the original paper submitted for filing a
4  certificate stating the date that a true and correct copy of the document was mailed to the Attorney
5  General.  The court may disregard any paper that does not include a certificate of service.  After
6  respondents appear in this action, petitioner shall make such service upon the particular Deputy
7  Attorney General assigned to the case.

9  DATED: August 25, 2011.

_____
PHILIP M. PRO
United States District Judge