

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRETT COMBS,

Petitioner,

vs.

STATE OF NEVADA, *et al.*,

Respondents.

2:11-cv-00528-PMP-VCF

**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court are petitioner's motion to amend the petition (ECF No. 15) and respondents' motion for a more definite statement (ECF No. 17).

First, under 28 U.S.C. § 2254 Rule 11, the Federal Rules of Civil Procedure are applicable to habeas petitions to the extent they are not inconsistent with the Habeas Rules. *Morrison v. Mahoney*, 399 F.3d 1042, 1046 n. 5 (9th Cir. 2005). Petitioner may amend his petition once as a matter of course as provided by Fed. R. Civ. P. 15(a). In this case, petitioner moved to amend his petition within 21 days of service of the petition and before respondents filed a responsive pleading. Accordingly, the court

grants the motion for leave to file an amended petition. The amended petition filed October 24, 2011 (ECF No. 23) is the current operative petition in this action. In their reply to their motion for a more definite statement, respondents concede that the amended petition is sufficient to enable a response. (ECF No. 24.) Thus, the court denies respondents' motion for a more definite statement.

Second, in their motion for a more definite statement and reply, respondents advise the court of petitioner's pending state-court proceedings with respect to petitioner's state post-conviction petition challenging the conviction at issue in this case. In ground one of his federal amended petition, petitioner asserts a claim concerning the ineffective assistance of his counsel. Generally, in the Nevada state courts, a claim regarding the ineffective assistance of counsel must be raised in a post-conviction petition rather than on direct appeal. *See Archanian v. State*, 122 Nev. 1019, 1036, 145 P.3d 1008, 1020-21 (2006) ("This court has repeatedly declined to consider ineffective-assistance-of-counsel claims on direct appeal unless the district court has held an evidentiary hearing on the matter or an evidentiary hearing would be needless."). A petitioner must first present his grounds for relief to a state court before a federal court may review the merits of the issues he raises. To exhaust a claim, petitioner must have "fairly presented" that specific claim to the Supreme Court of Nevada. *See Picard v. Conner*, 404 U.S. 270,275-76 (1971); *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984). Here, it does not appear that petitioner's claim of ineffective assistance of counsel was exhausted on direct appeal. Thus, it appears that ground one of petitioner's federal petition is not exhausted at this time because his post-conviction petition remains pending in state court.

In their reply, respondents suggest that the court treat the amended petition as a "protective petition" and stay this case until state-court proceedings are concluded. The court will allow petitioner an opportunity to address this issue before proceeding. Because at least one ground of the amended petition appears to be unexhausted, the petition is a "mixed petition." A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Because it appears to the

court that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

With respect to the third option enumerated above, in *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court held that a federal district court may stay a mixed petition—a petition containing both exhausted and unexhausted claims —in "limited circumstances," so that a petitioner may present his unexhausted claims to the state courts without losing his right to federal habeas review due to the one-year statute of limitations. *Rhines*, 544 U.S. at 273-75. Under *Rhines*, a district court may stay a mixed petition only if: (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. *Id.* at 278; *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008).

Because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") aims to encourage the finality of state court judgments and to encourage petitioners to seek relief from state courts in the first instance, a stay and abeyance is only available in "limited circumstances." *Rhines*, 544 U.S. at 276-77. Although the precise contours of "good cause" under *Rhines* have yet to be delineated, the Ninth Circuit Court of Appeals has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). On the other hand, the "good cause" requirement should not be interpreted in a manner that

renders stay orders routine. *Wooten*, 540 F.3d at 1024. Thus, a mere impression by a petitioner that a claim was exhausted is not sufficient to establish good cause for a failure to exhaust, because if it were, "virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay." *Id.* (emphasis in original). However, a petitioner's "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file [a protective petition] in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IT IS THEREFORE ORDERED** that petitioner's motion to amend the petition (ECF No. 15) is **GRANTED.**

**IT IS FURTHER ORDERED** that respondents' motion for a more definite statement (ECF No. 17) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this _ 3rd day of May, 2012.

UNITED STATES DISTRICT JUDGE