UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRETT COMBS, | ) | |
| Petitioner, | ) | 2:11-cv-00528-PMP-VCF |
| vs. | ) | **ORDER** |
| STATE OF NEVADA, *et al.*, | ) | |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. This court previously granted petitioner's motion to file an amended petition and ordered petitioner to inform the court how he wished to proceed, in light of his petition containing both exhausted and unexhausted grounds. (ECF No. 27.) Petitioner moves the court to stay this action while he concludes his pending state post-conviction proceedings. (ECF No. 30.) Respondents do not oppose the motion and suggest that a stay may be appropriate in this action. (*See* ECF No. 24.)

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court held that a federal district court may stay a mixed petition—a petition containing both exhausted and unexhausted claims—in "limited circumstances," so that a petitioner may present his unexhausted claims to the state courts without losing his right to federal habeas review due to the one-year statute of limitations. *Rhines*, 544 U.S. at 273-75. Under *Rhines*, a district court may stay a mixed petition only if: (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. *Id.* at 278; *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008).

Because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") aims to encourage the finality of state court judgments and to encourage petitioners to seek relief from state courts in the first instance, a stay and abeyance is only available in "limited circumstances." *Rhines*, 544 U.S. at 276-77. Although the precise contours of "good cause" under *Rhines* have yet to be delineated, the Ninth Circuit Court of Appeals has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). On the other hand, the "good cause" requirement should not be interpreted in a manner that renders stay orders routine. *Wooten*, 540 F.3d at 1024. Thus, a mere impression by a petitioner that a claim was exhausted is not sufficient to establish good cause for a failure to exhaust, because if it were, "virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay." *Id.* (emphasis in original).

It appears from petitioner's various filings that he filed his instant federal petition as a "protective petition" due to his confusion regarding state court post-conviction litigation and habeas corpus litigation in this court. Under such circumstances, "good cause" supports a stay so that petitioner does not run afoul of the federal statute of limitations should his post-conviction petition be dismissed as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); see also 28 U.S.C. § 2244(d)(1)(A); *cf. Smith v. Ratelle*, 323 F.3d 813 (9th Cir. 2003) (holding that the district court abused its discretion by summarily

dismissing a mixed habeas petition because the one-year statute of limitations affected petitioner's ability to raise his fully exhausted claims at a later date).

With respect to the requirement that a petitioner's unexhausted claims are potentially meritorious, the *Rhines* Court made a comparison cite to 28 U.S.C. § 2254(b)(2) with regard to this inquiry. *Rhines*, 544 U.S. at 277. The Ninth Circuit Court of Appeals has held that a district court may reject an unexhausted claim on the merits pursuant to § 2254(b)(2) "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In this case, the unexhausted claim in the petition clearly passes muster under this standard.

Finally, nothing in the record before the court shows that petitioner has engaged in dilatory litigation tactics. Therefore, after considering the *Rhines* factors, the court grants petitioner's motion for stay.

Petitioner requests that this court appoint him counsel. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The claims in this case are not especially complex. Additionally, petitioner has shown that he is capable of presenting his claims and arguments in a relatively clear and organized fashion. Therefore, the court denies petitioner's request for the appointment of counsel.

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (ECF No. 30) is **GRANTED**. This action is **STAYED** pending exhaustion of the unexhausted claims. Petitioner may

move to reopen the matter following exhaustion of the claims, and any party otherwise may move to reopen the matter at any time and seek any relief appropriate under the circumstances.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen within **forty-five (45) days** of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 29) is **DENIED.**

**IT IS FURTHER ORDERED** that the clerk shall **ADMINISTRATIVELY CLOSE this action, until such time as the court grants a motion to reopen the matter.**

Dated this 15th day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE