# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRETT COMBS,

    Petitioner,

vs.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 2:11-cv-00528-GMN-VCF

**ORDER**

Before the court are the amended petition for a writ of habeas corpus (ECF No. 23), respondents' motion to dismiss (ECF No. 60), petitioner's opposition (ECF No. 72), and respondents' reply (ECF No. 81). The court finds that petitioner has not exhausted his available state-court remedies for all of his grounds for relief, and the court grants the motion in part.

Respondents' motion contains the relevant procedural history.

Respondents first argue that petitioner has not exhausted some of his grounds for relief. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

Ground 1 contains multiple claims of ineffective assistance of counsel. Respondents correctly note that petitioner did not present grounds 1.1, 1.4 through 1.14, and 1.16 through 1.20 to the Nevada Supreme Court on appeal from the denial of his post-conviction habeas corpus petition.

Petitioner does not dispute this. He argues that the state district court erred when it dismissed the corresponding claims from his state habeas corpus petition. However, petitioner does not explain how he was unable to appeal the dismissal of those claims. Consequently, grounds 1.1, 1.4 through 1.14, and 1.16 through 1.20 are not exhausted.

Grounds 2 through 4, 6, and 9 through 11 are claims of constitutional errors that occurred before or during the proceedings in trial court. Respondents correctly note that petitioner did not present these claims to the Nevada Supreme Court on direct appeal from the judgment of conviction. Petitioner argues that counsel provided ineffective assistance because counsel did not raise these issues on direct appeal. This argument might be relevant in state court to excusing operation of state-law procedural bars for filing an untimely or successive petition. The argument also might be relevant in this court for excusing the operation of a procedural default based upon those state-law procedural bars. However, the argument is not relevant to the issue whether petitioner actually presented the claims to the Nevada Supreme Court. He did not, and grounds 2 through 4, 6, and 9 through 11 are not exhausted.

To the extent that petitioner argues the merits of his claims, those arguments are not applicable to the question of exhaustion, and the court does not address them.

Ground 5 is a claim that evidence against petitioner was obtained in violation of the Fourth Amendment. In state court, petitioner filed a motion to suppress that evidence. Ex. 21 (ECF No. 61-21). The state district court held a hearing to consider the motion. Ex. 29 (ECF No. 62-3) (minutes of hearing). The state district court denied the motion in a written decision. Ex. 38 (ECF No. 64-8). On direct appeal, petitioner argued that the denial of the motion to suppress was erroneous. Ex. 50, at 7 (ECF No. 64-20, at 8). The Nevada Supreme Court affirmed the denial of the motion to suppress. Ex. 52, at 2 (ECF No. 64-22, at 3). Petitioner not only had a full and fair opportunity to litigate his Fourth Amendment claim, he actually did litigate it. This court cannot consider ground 5. Stone v. Powell, 428 U.S. 465, 481-82 (1976).

Petitioner argues that counsel was ineffective in litigating the Fourth Amendment claim. Even if counsel was ineffective, petitioner still had a full and fair opportunity to litigate the claim, and thus Stone v. Powell still bars this court from considering the claim. Furthermore, an argument

that counsel was ineffective regarding a Fourth Amendment claim is a distinct claim of ineffective assistance of counsel, and it is not reason for this court to consider the Fourth Amendment claim. See Kimmelman v. Morrison, 477 U.S. 365 (1986).

Ground 7 is a claim that the admission of prior-bad-act evidence was a violation of due process. Respondents correctly note that the Supreme Court of the United States has never clearly established whether admission of such evidence is a constitutional violation. However, this argument affects the review that the court gives to ground 7 on its merits. See 28 U.S.C. § 2254(d)(1). If § 2254(d)(1) does not apply in this case, then the court would review ground 7 de novo. The argument is not appropriate for a motion to dismiss on procedural grounds. Respondents may renew the argument in their answer on the merits, if one is necessary.

The amended (ECF No. 23) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted grounds 1.1, 1.4 through 1.14, 1.16 through 1.20, 2 through 4, 6, and 9 through 11 and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 1.1, 1.4 through 1.14, 1.16 through 1.20, 2 through 4, 6, and 9 through 11, or he may move to stay this action while he returns to state court to exhaust grounds 1.1, 1.4 through 1.14, 1.16 through 1.20, 2 through 4, 6, and 9 through 11. If petitioner chooses the second option, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition. If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). If petitioner chooses the last option, he also will need to designate an alternative choice in case the court declines to stay the action. Otherwise, the court will dismiss the action.

Respondents have filed a motion to strike (ECF No. 79) petitioner's opposition to motion for extension of time (ECF No. 78). The opposition was moot when it was filed because the court

already had granted respondents an extension of time to file a reply to the opposition to the motion to dismiss. ECF No. 77. The court grants respondents' motion.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 60) is **GRANTED** in part with respect to grounds 1.1, 1.4 through 1.14, 1.16 through 1.20, 2 through 4, 6, and 9 through 11.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this court in a sworn declaration that he wishes to dismiss grounds 1.1, 1.4 through 1.14, 1.16 through 1.20, 2 through 4, 6, and 9 through 11 of his amended petition (ECF No. 23), and proceed only on the remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his amended petition (ECF No. 23) to return to state court to exhaust his state remedies with respect to the claims set out in grounds 1.1, 1.4 through 1.14, 1.16 through 1.20, 2 through 4, 6, and 9 through 11 of his amended petition (ECF No. 23), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in grounds 1.1, 1.4 through 1.14, 1.16 through 1.20, 2 through 4, 6, and 9 through 11 of his amended petition (ECF No. 23). Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds of his amended petition (ECF No. 23) and proceed on the remaining grounds, respondents shall file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within forty-five (45) days after petitioner serves his declaration dismissing those grounds. Petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

///
///
///
///
///
///

1     IT IS FURTHER ORDERED that respondents' motion to strike (ECF No. 79) is
2 **GRANTED**. The clerk of the court shall **STRIKE** petitioner's opposition to motion for extension
3 of time (ECF No. 78).
4     DATED: September 19, 2017

                                                                         Gloria M. Navarro, Chief Judge
                                                                         United States District Court