UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRETT COMBS,<br><br>    Petitioner,<br><br> v.<br><br>STATE OF NEVADA, et al.,<br><br>    Respondents. | Case No. 2:11-cv-00528-GMN-VCF<br><br>**ORDER** |

  The court reopened this action and directed petitioner, now represented by counsel, to declare what he wants to do with the grounds that the court earlier had found to be unexhausted. Order (ECF No. 100). Petitioner has filed a response (ECF No. 101). He asks the court to consider the unexhausted grounds on their merits. Petitioner has not given the court good cause to do that. The court accepts petitioner's alternate proposal and dismisses the unexhausted grounds.

  If petitioner returned to the state courts, he would be facing procedural bars such as Nev. Rev. Stat. § 34.726 (one-year time limit) and Nev. Rev. Stat. § 34.810 (bar of second or successive petitions). If petitioner can show good cause and prejudice, then the state courts can excuse those procedural bars and consider the petition on the merits. If petitioner cannot show good cause and prejudice, then the state courts would dismiss the petition, and the claims in the state petition would be subject to procedural default in federal court. Petitioner essentially is

1

arguing that he cannot show cause and prejudice in the state courts and that he can show cause and prejudice in this court to excuse the procedural default.

Grounds 1.1, 1.4 through 1.14, and 1.16 through 1.20 are claims of ineffective assistance of trial counsel. Petitioner raised these grounds in his state post-conviction habeas corpus proceeding. The state district court ruled that the petition, including these grounds, was without merit. Petitioner did not exhaust these grounds because he did not raise them in his appeal to the Nevada Supreme Court. Petitioner now argues that appointed post-conviction appellate counsel provided ineffective assistance by not raising them in that appeal.

Petitioner bases his argument upon Martinez v. Ryan, 566 U.S. 1 (2012). However, the holding of Martinez is not broad enough to encompass the claims in ground 1.

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. Miller-El v. Cockrell, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

Id. at 14 (emphasis added). The "initial-review collateral proceeding," in terms more commonly used in Nevada, is the post-conviction proceeding in the state district court. Martinez specifically does not apply to an appeal from the denial of a state post-conviction habeas corpus petition. Id. at 16. In that situation, the basic rule of Coleman v. Thompson, 501 U.S. 722 (1991), still applies. Petitioner has no right, and thus no addressable claim in federal habeas corpus, to effective assistance of post-conviction counsel. Id. at 752.[1] Consequently, petitioner has not shown cause to excuse any procedural default of the claims in ground 1.

Grounds 2 through 4, 6, and 9 through 11 are claims of constitutional errors that occurred before or during the proceedings in trial court. Petitioner did not exhaust these grounds because

---

[1] The procedural bar in Coleman is not distinguishable from what happened in this case. Coleman's appointed state post-conviction counsel failed to file a timely appeal from the denial of his state post-conviction petition, which in turn led to the procedural default of Coleman's grounds. 501 U.S. at 752.

he did not raise them on direct appeal to the Nevada Supreme Court. Martinez does not apply to these grounds because they are not claims of ineffective assistance of trial counsel. Petitioner is correct that ineffective assistance of counsel on direct appeal can be cause to excuse a procedural default. Response, at 2-3 (quoting Coleman, 501 U.S. at 754) (ECF No. 101). However, ineffective assistance of counsel on direct appeal also can be cause to excuse the state-law procedural bars of Nev. Rev. Stat. §§ 34.726 and 34.810.[2] Petitioner would need to present this argument to the state courts first. Given that he is unwilling to do that, this court will not consider the argument now. Instead, the court dismisses grounds 2 through 4, 6, and 9 through 11.

Respondents have filed a motion for extension of time to answer remaining claims (first request) (ECF No. 102). The court grants this motion.

IT THEREFORE IS ORDERED that grounds 1.1, 1.4 through 1.14, 1.16 through 1.20, 2 through 4, 6, and 9 through 11 of the amended petition (ECF No. 23) are **DISMISSED**.

IT FURTHER IS ORDERED that respondents' motion for extension of time to answer remaining claims (first request) (ECF No. 102) is **GRANTED**. Respondents will have through July 18, 2018, to file an answer to the remaining claims of the amended petition (ECF No. 23).

DATED: June 30, 2018

_____
GLORIA M. NAVARRO
Chief United States District Judge

---

[2] In contrast, the Nevada Supreme Court has not adopted the rule of Martinez. In Nevada courts, ineffective assistance of post-conviction counsel is not good cause to excuse a procedural bar of a claim of ineffective assistance of trial counsel. Brown v. McDaniel, 331 P.3d 867 (Nev. 2014).